UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WANDA I GONZALEZ,

    Plaintiff,

v.                                             Case No: 5:20-cv-56-Oc-30PRL

JENNIFER LYNN SZABO, JILL
SZABO and LA LA'S NAIL LOUNG
LLC,

    Defendants.

### REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, alleges various grievances related to a contract she entered into with Defendant. (Doc. 1). She has filed a complaint alleging breach of contract and defamation. In the instant motion (Doc. 2), Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the motion should be denied, and the Complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

*Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). A "plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth,* 428 F.3d 1317, 1321 n. 2 (11th Cir.2005). Plaintiff has alleged that she and Defendant are both citizens of Florida, and thus, there is not complete diversity. *See Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 388 (1998) (ruling diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant). Moreover, Plaintiff has failed to allege any facts suggesting that the amount in controversy exceeds

the requisite $75,000.00. Indeed, Plaintiff alleges that this is an action for $60,000.00. (Doc. 1). Accordingly, diversity of citizenship jurisdiction does not exist.

Next, federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, Plaintiff cites to 28 U.S.C. § 4101 for the basis of her defamation claim. However, § 4101 is the definitions section for the Securing the Protection of our Enduring and Established Constitutional Heritage (SPEECH) Act and does not create a cause of action. 28 U.S.C. §§ 4101–4105; *see Rosado v. Nichols*, No. 2:17-cv-195-FtM-99MRM, 2017 WL 1476255, at *5 n.3 (M.D. Fla. Apr. 25, 2017) ("Plaintiff asserts that he brings defamation claims pursuant to 28 U.S.C. § 4101. This statute does not set forth a cause of action."). Moreover, the SPEECH Act prohibits recognition or enforcement of a foreign defamation judgment unless certain requirements are satisfied. 28 U.S.C. §§ 4101–4105. Plaintiff's complaint makes no reference to a defamation judgment, let alone a foreign one. *See Rosado*, 2017 WL 1476255, at *5 n.3 ("Plaintiff does not attempt to enforce a foreign judgment, and any cause of action purportedly based on § 4101 is dismissed with prejudice."). Because Plaintiff cannot proceed with a defamation claim under § 4101, and all other claims arise under state law, federal question jurisdiction does not exist.

Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and the Complaint (Doc. 1) be dismissed without prejudice for lack of subject matter jurisdiction. *See Crotwell v. Hockman–Lewis Ltd* ., 734 F.2d 767, 769 (11th Cir.1984) (holding that the district court's dismissal should have been without prejudice "[s]ince the court lacked subject matter jurisdiction over the action").

Recommended in Ocala, Florida on February 21, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy